UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KRISS HANSEN**, an individual,

    Plaintiff,

vs.

**VISALUS HOLDINGS, LLC**, a Delaware Limited Liability Company,

    Defendant.

Case No.
District Judge
Magistrate Judge

THAYER C. LINDAUER,
Arizona Bar License 1531
Attorney for Plaintiff
5383 Cochran St., Ste. 5
Simi Valley, CA 93063
(805) 587-9700
(888) 752-2246 (fax)
thayerlindauer@gmail.com

CHRISTOPHER E. LeVASSEUR (P35981)
STARK REAGAN, P.C.
Attorney for Plaintiff
1111 W. Long Lake Rd., Ste. 202
Troy, MI 48098
(248) 641-9955
clevasseur@starkreagan.com

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff Kriss Hansen, by and through his undersigned counsel, and for causes of action against the Defendant, alleges:

**INTRODUCTION**

Plaintiff seeks relief under the federal Declaratory Judgment Act (28 U.S.C. 2201) by way of a Declaratory Judgment that a contract between the parties, heretofore terminated, is void ab initio and thereby Plaintiff is not bound by the contract and matters arising from the parties' contract. Plaintiff contends that the contract is void ab initio by virtue of the fact the network

1

marketing sales program of Defendant was, from a date prior to the parties' agreement through the date of this complaint, operated by the Defendant as an illegal pyramid promotional scheme, a deceptive trade practice in violation of section 5 of the Federal Trade Commission Act (15 U.S.C. 41-58).

Plaintiff further contends that the primary purpose of the parties' contract was to have Plaintiff offer and sell Defendant's network marketing distributorships to third parties by means of silent fraud and wherein said distributorships were unregistered investment contract securities.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 18 U.S.C. 1331. Venue is proper in this judicial district because Defendant has its principle place of business within this judicial district.

## COMMON ALLEGATIONS

2. Plaintiff is a resident of the state of Illinois.

3. Defendant Visalus Holdings, LLC (Visalus) is a Delaware limited liability company with is principle place of business in Troy, Michigan, within this judicial district.

4. Visalus has, since prior to April 5, 2006 and continuing through the date of this Complaint, distributed its goods throughout the United States by means of a network marketing sales program (the sales program).

5. In distributing its goods throughout the United States utilizing the sales program, Visalus has continually utilized the mails and wires of interstate commerce across state lines.

6. Plaintiff signed an agreement with Visalus on or about April 5, 2006 (the distributor agreement) and thereby became an independent contractor distributor in the sales program of Visalus.

2

7.      Plaintiff was terminated as a distributor in the Visalus sales program on or about March 1, 2010.

8.      During the time Plaintiff was a distributor of Visalus, and arising out of the distributor agreement, Visalus provided to Plaintiff two (2) lists containing the names and contact information of 22,000 Visalus distributors (the Lists).

9.      Beginning prior to April 5, 2006 and continuously through the date of this complaint the sales program Visalus:

   A.      Required that Visalus distributors, including Plaintiff, pay consideration to Visalus in the form of required monthly product purchases for the right 1- to sell Visalus' products and, 2- to recruit new Visalus distributors into their linked by sponsorship sales organization of Visalus distributors (the sales organization) and, 3- to receive rewards in the form of commissions and bonuses upon the Visalus product purchases of those distributors in their sales organizations and,

   B.      The commissions paid to Visalus distributors, including Plaintiff, pursuant to the sales program were and are neither connected to nor based upon the purchase of Visalus products by non-distributor end user customers.

10.     During the tenure of Plaintiff's Visalus distributorship and arising out of the distributor agreement, Plaintiff purchased from Visalus each month the required amount of Visalus products necessary to participate in the Visalus sales program, totaling in excess of $8,000.00 in Visalus product purchases.

11.     During the period commencing prior to April of 2006 and continuing through the date of this complaint the Visalus distributor agreement was not registered with the United States

3

Securities and Exchange Commission as an investment contract security to be offered for sale and sold by Visalus.

12. Plaintiff has informed Visalus of his intent to contact the persons on the lists in order to recruit them to become distributors in the present and future sales organizations of Plaintiff in other network marketing companies.

13. Visalus threatened to sue Plaintiff if Plaintiff seeks to recruit Visalus distributors on the Lists to other network marketing sales organizations.

14. In the above premises a present and justiciable controversy exists between the parties.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that the Court enter a declaratory judgment in favor of Plaintiff and against Defendant Visalus Holdings, LLC as follows:

1. Finding that a present and justiciable controversy exists between the parties relating to Plaintiff's right to use the Lists to recruit Visalus distributors to other network marketing companies.

2. Finding that the sales program of Visalus has been, since prior to April 5, 2004 and through the date of this complaint, a pyramid promotional scheme, whose operation constitutes a deceptive trade practice as determined by the Federal Trade Commission under section 5 of the Federal Trade Commission Act.

3. Finding that the primary purpose of Plaintiff's distributor agreement with Visalus was to have Plaintiff offer and sell to third persons by means of silent fraud the Visalus unregistered investment contract security, the Visalus network marketing distributorship, which acts constitute the conduct of criminal activities, including wire fraud under the provisions of 18

4

U.S.C. 343, and that the distributor agreement between Plaintiff is therefore void ab initio and unenforceable as a matter of law and public policy.

   4.  Declaring that Plaintiff may utilize all of the lists of Visalus' distributors which he has in his possession or control, and which he may hereinafter obtain, to recruit persons from the lists to other network marketing companies.

   5.  For Plaintiff's costs and such other a further relief as the court deem just and equitable.

                 /s/ Thayer C. Lindauer
                 THAYER C. LINDAUER
                 Attorney for Plaintiff
                 5383 Cochran St., Ste. 5
                 Simi Valley, CA 93063
                 thayerlindauer@gmail.com

**STARK REAGAN**

/s/ Christopher E. LeVasseur
Christopher E. LeVasseur (P35981)
Attorney for Plaintiff
1111 W. Long Lake Rd., Ste. 202
Troy, MI 48098
(248) 641-9955

Date: July 23, 2013

6439-1

5